**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REKENA COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-396** |
| **BANK OF NEW YORK MELLON, ET AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

After Defendant Bayview Loan Servicing LLC filed a motion to dismiss (Rec. Doc. 14), the Court ordered the parties to file supplemental memoranda "about the propriety of transferring the above-captioned matter to the Southern District of Mississippi." Rec. Doc. 21. Plaintiff Rekena Collins and Defendant Bayview Loan Servicing LLC timely filed the supplemental memoranda. Rec. Docs. 22, 23. For the reasons discussed below,

**IT IS ORDERED** that the above-captioned matter is **TRANSFERRED** to the Southern District of Mississippi.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2015, Plaintiff filed Chapter 7 bankruptcy in the Southern District of Mississippi. *See* Rec. Doc. 1 ¶ 7. One of her assets was a piece of property located in Waveland, Mississippi. *See* Rec. Doc. 1-3. One of her liabilities was the mortgage on that property; the mortgage was held by Bank of America. *See* Rec. Doc. 1 ¶¶ 6, 9. In September 2015, the Waveland property was abandoned from the bankruptcy estate and Bank of America was allowed to proceed with foreclosure. *See* Rec. Doc. 1-2. Later that same month,

1

the bankruptcy court issued an order discharging Plaintiff's liability for the debts she owed when she filed for Chapter 7 bankruptcy. *See* Rec. Doc. 14-4 at 2-3.

According to the Complaint, Bank of America sold the mortgage on the Waveland property to Bayview Loan Servicing LLC in January 2016. *See* Rec. Doc. 1 ¶ 9. Bayview corresponded with Plaintiff about the mortgage in 2016. *See id.* ¶ 10. In January 2017, Bayview sent a Form 1099-A to Plaintiff at an address in Bay St. Louis, Mississippi. *See* Rec. Docs. 1 ¶ 11; 1-3. Plaintiff alleges that, by sending her the Form 1099-A, Bayview "ma[de] her responsible for" "an outstanding principal balance of $120,919.47" "on her personal income taxes." Rec. Doc. 1 ¶ 11.

On January 18, 2018, Petitioner filed the instant complaint against Bayview, Bank of America, and Bank of New York Mellon.[1] Rec. Doc. 1. Plaintiff alleges that Defendants Bank of New York Mellon and Bank of America were negligent and grossly negligent when they sold the mortgage on the Waveland property to Bayview, that Bayview was negligent when it charged off the mortgage on the Waveland property, and that all Defendants violated the Fair Debt Collection Practices Act "FDCPA" by causing Plaintiff to incur a personal tax liability from the sale of the mortgage on the Waveland property. *See id.*

---

[1] Bank of New York Mellon was served, but has filed no responsive pleadings. *See* Rec. Doc. 13. Bank of America has not been served.

**LAW AND ANALYSIS**

Generally, "the venue of all civil actions brought in district courts of the United States" is determined by 28 U.S.C. § 1391(b). Under § 1391(b),

> a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If the case falls within one of the categories in § 1391(b), "venue is proper; if it does not, venue is improper." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 56 (2013).

When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Even when venue is proper, "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Jarvis*

*Christian Coll. V. Exxon Corp.*, 845 F.2d 523, 528-29 (5th Cir. 1988); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1998).

Venue is not proper in the Eastern District of Louisiana. *See* 28 U.S.C. § 1391(b). Defendants are not domiciled in Louisiana and their principal places of business are not located here. *See* Rec. Doc. 1 ¶¶ 2-3. Moreover, Plaintiff's lawsuit does not arise out of Defendants' contacts with the state of Louisiana; in fact, all of the alleged activities occurred in Mississippi. *See id.* ¶¶ 7, 11; Rec. Doc. 1-3. Therefore, Defendants are not residents of Louisiana for purposes of this case. *See* 28 U.S.C. § 1391(b)(1), (c)(2). None of the events, omissions, or property involved in this case occurred or are located in the Eastern District of Louisiana. *See id.* ¶¶ 7, 11; Rec. Doc. 1-3. Therefore, § 1391(b)(2) does not make the Eastern District of Louisiana a proper venue. Because venue is improper, this Court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."[2] 28 U.S.C. § 1406(a).

Transfer is in the interest of justice because Plaintiff indicates that she wishes to pursue her case in the Southern District of Mississippi. *See* Rec. Doc. 22. The Southern District

---

[2] Because the above-captioned matter could have been brought in the Southern District of Mississippi, § 1391(b)(3) is inapplicable.

4

of Mississippi retains jurisdiction over the bankruptcy discharge order, which it may enforce via its contempt power. *See* Rec. Docs. 14-1 at 6; 22 at 3-4; *In re Cano*, 410 B.R. 506, 545-48 (Bankr. S.D. Tex. 2009). Furthermore, because the Eastern District of Louisiana and the Southern District of Mississippi are adjacent judicial districts, there will be little practical impact on the parties going forward.

Transfer to the Southern District of Mississippi is appropriate because venue is proper and that court will have personal jurisdiction over Bayview. Venue is proper in the Southern District of Mississippi because the events at the center of this case occurred there. *See* 28 U.S.C. § 1391(b)(2). Plaintiff's bankruptcy proceeding was conducted in the Southern District of Mississippi. *See* Rec. Doc. 1 ¶ 7. The Waveland property is located in the Southern District of Mississippi. *See* Rec. Doc. 1-3. The Form 1099-A was sent to Plaintiff's address in the Southern District of Mississippi. *See* Rec. Docs. 1 ¶ 11; 1-3.

The Southern District of Mississippi would have personal jurisdiction over Bayview because this case arises out of Defendants' purposeful decision to conduct business in the state of Mississippi, namely by purchasing the mortgage on the Waveland property and then communicating with Plaintiff about the mortgage. For the Southern District of Mississippi to have personal jurisdiction over Defendant, the case must comport with the

5

Mississippi long-arm statute and the Due Process Clause of the Fourteenth Amendment. *See ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496-97 (5th Cir. 2012).

> The Mississippi long-arm statute authorizes jurisdiction over "any nonresident . . . who shall [1] make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall [2] commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall [3] do any business or perform any character of work or service in this state."

*Id.* at 497 (quoting Miss. Code § 13-3-57). The third prong—the "doing business" prong—has a "broad scope" and "'applies to any person or corporation performing *any character of work* in'" Mississippi. *Id.* at 498 (quoting *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008)). Bayview is a loan servicing company, purchased a loan on a Mississippi property, and then initiated multiple communications with a Mississippi resident about the loan. *See* Rec. Doc. 1 ¶¶ 3, 9-10. According to the Mississippi Secretary of State, Bayview is registered to do business in Mississippi. Therefore, Bayview conducted business in Mississippi and is subject to the Mississippi long-arm statute. *See ITL Int'l*, 669 F.3d at 498. Bayview is also subject to the Mississippi long-arm statute under the tort prong because Plaintiff alleges that Bayview engaged in improper debt collection against her when she was a Mississippi resident. *See* Rec. Doc. 1 ¶¶ 26-29; *Elwood v. Cobra Collection Agency*, No. 06cv91, 2006 WL

6

3694594, at *2 (S.D. Miss. Dec. 14, 2006) (alleged violation of the Fair Debt Collections Practices act while plaintiff was resident of Mississippi satisfies the tort prong of the Mississippi long-arm statute).

Conducting this case in the Southern District of Mississippi is also consistent with due process. *See Elwood*, 2006 WL 3694594, at *3-4 (reasoning that Southern District of Mississippi had specific jurisdiction over nonresident defendant who sent communications about an outstanding debt to a Mississippi resident). There is no indication that Bayview is subject to general jurisdiction in Mississippi, but there is specific jurisdiction. With respect to specific jurisdiction, "due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l*, 669 F.3d at 498.

Bayview has purposefully directed various activities at Mississippi, including purchasing the mortgage on the Waveland property, communicating with Plaintiff about said mortgage, and sending the Form 1099-A to Plaintiff in Mississippi. Plaintiff's claims arise from these activities; Plaintiff alleges that Bayview's actions in Mississippi violated the discharge order and the FDCPA. It is fair and reasonable for a federal court in

Mississippi to hear this case because doing so will not impose a meaningfully different burden on Bayview compared to litigating in the Eastern District of Louisiana, will better respects Mississippi's interest in the case, and will be more efficient given that the bankruptcy discharge order was issued in the Southern District of Mississippi. *See Luv N. Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473-74 (5th Cir. 2006) ("In conducting the fairness inquiry, we examine (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.").

New Orleans, Louisiana, this 31st day of August, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE